UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

GLOBAL POLICY PARTNERS, LLC, et al )
)
        Plaintiff, )
) Case No. 1:09-cv-859
vs. )
)
BRENT YESSIN, )
)
        Defendant. )
_____)

### HAGEMAN AND LOGICAL WEB'S MOTION FOR ENTRY OF PROTECTIVE ORDER AS TO THE SUBPOENA SERVED BY BRENT YESSIN AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Non-Parties JONATHAN HAGEMAN ("Hageman") and THE LOGICAL WEB COMPANY, INC. ("Web") by their undersigned attorneys, pursuant to Rule 26(c), Fed. R. Civ. P., move this Court for entry of a protective order and states as follows:

### BACKGROUND

1. Neither Hageman nor Web is a party to the lawsuit.

2. Web provided internet and email services to GLOBAL POLICY PARTNERS, LLC ("GPP"), the plaintiff in this matter.

3. Hageman is an officer and employee of Web.

4. In June of 2009, Yessin contacted Web seeking to obtain access to GPP's

1



email Accounts ("Yessin's Request for Access").

5. Web, via Hageman, consulted with its counsel and obtained legal advice in order to respond to Yessin's Request for Access via electronic mail and verbally over the telephone.

6. BRENT YESSIN, the defendant in this action ("Yessin"), served Web and Hageman with a subpoena to provide certain documents and appear for a deposition ("Subpoena"). A copy of the Subpoena is attached hereto as Exhibit "A."

7. The Subpoena's list of documents which Hageman and Web are required to produce pursuant to the Subpoena includes attorney-client communications.

8. Hageman and Web object to producing communications and/or documents protected by the attorney-client privilege.

## ARGUMENT

9. Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure provides that "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it requires disclosure of privileged or other protected matter and no exception or waiver applies."

10. By this motion, Hageman and Web seek a protective order to prevent disclosure (either via document production or in deposition) of attorney-client privileged communications.

11. The documents to be produced in the Subpoena include, among others:

   a. "[a]ll documents referring or related to Global, Katherine Yessin or Brent Yessin...."

   b. "[a]ll documents referring or relating to any communication with any person regarding Global's email...."

   c. "[a]ll documents referring or relating to communications with anyone regarding Brent Yessin's alleged attempt to access Katherine Yessin's emails...."

   d. "[y]our file on Katherine Yessin, Brent Yessin...."

12. Each of the above requests would encompass production and disclosures of confidential and privileged documents and discussions Web had with its legal counsel relating to Yessin's Request for Access.

13. In *Upjohn Company v. United States*, 449 U.S. 383, 396 (1981), the Court held that communications by Upjohn employees to counsel were covered by the attorney-client privilege and were not subject to discovery.

14. In this case, based upon the attorney-client privilege, Hageman and Web are entitled to a protective order to preclude discovery via documents or deposition testimony of any communications they had with their legal counsel.

WHEREFORE, Jonathan Hageman and The Logical Web Company, Inc.,

request the entry of a protective order excluding production or disclosure (via document production or at a deposition) of any attorney-client privileged emails and communications.

        CAREY, O'MALLEY, WHITAKER & MUELLER, P.A.
        712 S. Oregon Avenue
        Tampa, Florida 33606-2543
        Ph.: (813) 250-0577
        Fax: (813) 250-9898
        Attorneys for Hageman and The Logical Web Company

By: _____
        Randall P. Mueller
        Florida Bar No.: 866921
        rmuller@cowmpa.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Charles M. Sims, Esq. of LeClairRyan, 951 East Byrd Street, 8th Floor, Richmond, VA 23219; C. Matthew Haynes, Esq. of LeClairRyan, 225 Reinekers Lane, Suite 700 Alexandria, VA 22314 and Bernard J. DiMuro, Esq. of DiMuroGinsberg, P.c., 908 King Street, Suite 200, Alexandria, VA 22314 via U.S. Mail and Electronically this 22nd day of October, 2009.

_____
ATTORNEY

4